**UNITED STATES of America**

v.

**Lawrence L. THORNE, Jr.**

**Crim. No. B–78–29.**

United States District Court,
D. Connecticut.

March 14, 1979.

Richard Blumenthal, U. S. Atty., Jeremiah Donovan, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

David E. Schancupp, New Haven, Conn., for defendant.

## RULING ON GOVERNMENT MOTION FOR ORDER

ELLEN B. BURNS, District Judge.

In this criminal action alleging a violation of Title 18, United States Code App., Section 1202(a)(1), the defendant moved for the suppression of evidence purportedly seized by the North Haven, Connecticut police pursuant to a search warrant issued by a judge of the then Court of Common Pleas of the State of Connecticut. The warrant was issued in connection with a charge against the defendant for which he was subsequently tried by the Connecticut Superior Court. That trial resulted in a judgment of acquittal.

In preparation for the hearing on the motion to suppress, the Government subpoenaed the Clerk of the Superior Court, directing him to appear and bring with him a certified copy of the search warrant. Also subpoenaed were the Chief Court Reporter of the Superior Court for the purpose of obtaining a certified copy of a portion of the transcript in the defendant's state trial and a member of the North Haven Police Department who had applied for and executed the search warrant and arrested the defendant on the state charge.

At the hearing on the Motion to Suppress all of the subpoenaed witnesses refused to give any testimony with respect to the search or the subsequent arrest and state trial of the defendant, or to produce the requested documents, on the claim that Section 54–90 of the Connecticut General Statutes, mandating the erasure of arrest and court records in cases which culminate in not guilty findings, precludes the disclosure to anyone of information pertaining to any charge so erased.

Section 54–90 provides in pertinent part as follows:

(a) Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be immediately and automatically erased.

.        .        .        .        .

(e) The clerk of the court or any person charged with retention and control of such records in the office of the chief court administrator or any law enforcement agency having information contained in such erased records shall not disclose to anyone information pertaining to any charge erased under any provision of this section and such clerk or person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency. Such clerk or such person, as the case may be, shall seal all court records and place them in locked files maintained for this purpose; or upon the request of the accused cause the actual physical destruction of such records. No fee shall be charged in any court with respect to any petition under this section. Any person who shall have been the subject of such an erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may so swear under oath.

(f) Upon motion properly brought, the court or a judge thereof, if such court is not in session, (1) may order disclosure of such records to the accused if the court or judge thereof, as the case may be, finds that nondisclosure may be harmful to the ac-

cused in a civil action or (2) may order disclosure to a defendant or the accused in an action for false arrest arising out of the proceedings so erased or (3) may order disclosure to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecutor alleges may have arisen from the testimony elicited during the trial. The court may also order such records disclosed to any hospital or institution to which an accused is confined under the provisions of section 53a–47. Such disclosure of such records is subject also to any records destruction program pursuant to which the records may have been destroyed. The jury charge in connection with erased offenses may be ordered by the judge for use by the judiciary, provided the names of the accused and the witnesses are omitted therefrom. . . .

This section has been construed by the Connecticut Supreme Court to include the transcript of criminal proceedings. *Lechner v. Holmberg,* 165 Conn. 152, 328 A.2d 701. Although subsection (e) of said section provides for the actual physical destruction of such records on request of the accused, such request was not made by this defendant.

The Government has moved for an order of this court directing (1) the Clerk of the Superior Court to provide a certified copy of the search warrant and the application therefor; (2) the Chief Court Reporter of the Superior Court to provide a certified copy of a portion of the state court trial transcript, and (3) the North Haven police detective to testify concerning his application for and execution of the warrant and his arrest of the defendant and to produce the weapon seized in the course of his search.

The Government urges this court to effectuate the Supremacy Clause of the United States Constitution, Art. VI, Clause 2, as manifested in Rule 501 of the Federal Rules of Evidence. The defendant cites the public policy of the State of Connecticut to provide strict confidentiality for non-conviction information. This Court invited the State, through the Attorney General, to submit any memorandum it felt appropriate with respect to the issue. Although initially expressing a desire to do so, the Attorney General has now informed the Court that he has elected not to submit a brief and we shall proceed without the benefit of an articulated state position.

■ The Supremacy Clause provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every state shall be bound thereby, any thing in the Constitution or Laws of any State to the Contrary notwithstanding." In consideration of this clause the Supreme Court has established the function of the federal courts in the case of a challenged state statute as the duty to determine whether the statute "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). This is in accord with the 1824 statement of *Gibbons v. Ogden,* 9 Wheat 1, 6 L.Ed. 23 that "acts of the State Legislatures . . . [which] interfere with, or are contrary to the laws of Congress, made in pursuance of the constitution" are invalid under the Supremacy Clause.

■ The Connecticut Supreme Court has found "[t]he obvious purpose of [section 54–90] is to protect innocent persons from the harmful consequences of a criminal charge of which he is subsequently acquitted." *Lechner v. Holmberg,* 165 Conn. at 160, 328 A.2d at 706. This is clearly a purpose with which the federal government is in accord and, in fact, limitations on the dissemination of nonconviction data, the collection or storage of which has been funded by moneys made available by the Omnibus Crime Control and Safe Streets Act, 42 U.S.C. § 3701 et seq., as amended, have been mandated by Title 28, Chapter 1, §§ 20.20–20.25 of the Code of Federal Regulations. There remains, however, the pri-

mary constitutional duty of this court to do justice in criminal prosecutions before it under Article III of the United States Constitution, a duty with which even the Executive privilege of the President of the United States was not permitted to interfere. *United States v. Nixon*, 418 U.S. 683, 707, 94 S.Ct. 3090, 41 L.Ed.2d 1039. Nor does this court believe that the purpose of the state statute "to protect innocent persons from the harmful consequences of a criminal charge of which he is subsequently acquitted" embraces an intention to preclude the prosecution, of one so acquitted of a state charge, on a federal charge which is different from, but arises out of a search conducted in connection with, the state charge. Indeed, the State's interest in the integrity of the criminal justice process with respect to unresolved charges is demonstrated by the exception the statute provides for disclosure of such records to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecution alleges may have arisen from the testimony elicited during the trial. C.G.S. § 54–90(f)(3).

Accordingly, this Court finds that the constitutional duty of the court to do justice in the criminal proceeding before it would be subverted by the continued refusal of the subpoenaed witnesses to provide the evidence sought and that the granting of an order requiring the production of such evidence is authorized by the Supremacy Clause and does no violence to the purpose of the Connecticut Statute.

It is ordered that:

(1) Nicholas Cimino, Clerk of the Connecticut Superior Court, produce a certified copy of a search warrant, with the application therefor, issued by the Honorable Thomas Corrigan of the Connecticut Court of Common Pleas at Meriden, Connecticut, on November 4, 1977, which warrant became part of the record in the case of *State v. Lawrence Thorne* (date of acquittal: November 27, 1978);

(2) Robert Lyman, Chief Court Reporter of the Superior Court, produce a certified copy of the testimony of defendant Law-

rence Thorne in the case of *State v. Lawrence Thorne* (date of acquittal: November 27, 1978);

(3) Detective Robert Arnold of the North Haven Police Department testify concerning his role in obtaining and executing the above-described search warrant and to produce the Ruger firearm described in the indictment in this case.

SO ORDERED.